UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD P. HOBBS, <br><br> Plaintiff, <br><br> -against- <br><br> REV. MICHAEL LIVINGSTON, A NJ Resident; REV. JAMES FORBES, A Resident of Another State; RICHARD GREGORY, Security Head of the Riverside Church, <br><br> Defendants. | 20-CV-0515 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated February 3, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from Plaintiff's one-page handwritten complaint, which is difficult to read. Plaintiff is a member of Riverside Church in New York City. He asserts that he is a "part-owner" of the church building because, "[i]n [a]n American Baptist church members [a]re [p]art owners of the [a]ssets." (ECF No. 2 at 1.) Plaintiff alleges that under a new church administration, "certain individuals who do not like" him have tried to get him banned from the building and have him arrested because he is a "convicted pedophile." (*Id.*)

The complaint describes an incident that occurred three years ago in which a new minister "used a criminal scheme" to set up Plaintiff and have him arrested. (*Id.*) Plaintiff alleges that church officials convinced him to "sign a document" stating that he would not go to the third

2

floor of the church. When Plaintiff "was [b]lind on a Palm Sunday," the church security guard took him to the third floor and had Plaintiff arrested for trespassing.

Plaintiff sues Rev. Michael Livingston, whom he describes in the caption as "a NJ resident"; Rev. James Forbes, "a resident of another state"; and Richard Gregory, head of security at Riverside Church. Plaintiff appears to write that he sues "Forbes on [d]iversity of state." (*Id.*) He seeks unspecified relief.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### A. Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the

3

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not invoke the Court's federal question jurisdiction, and the complaint does not plead facts that give rise to a federal claim.

### B. Diversity of Citizenship Jurisdiction

The Court construes Plaintiff's remark that he is suing Forbes on "diversity of state" as invoking the Court's diversity of citizenship jurisdiction. But Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* Diversity must be complete; that is, "no plaintiff and no defendant [may be] citizens of the same State." *Schacht*, 524 U.S. at 388.

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff states that he is a resident of New York, New York. He asserts that Rev. Livingston is "a NJ resident" and that Rev. Forbes is "a resident of another state," but he does not

4

allege facts sufficient to establish the citizenship of either of these defendants. Plaintiff fails to allege any facts indicating the citizenship of Gregory.

Plaintiff also fails to allege facts suggesting that his claim is in excess of the $75,000 jurisdictional amount. Indeed, Plaintiff does not indicate what type of relief he is seeking.

Plaintiff therefore fails to plead facts sufficient to carry his burden of demonstrating that the Court can exercise diversity jurisdiction over this matter. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

The Court notes that even if Plaintiff could demonstrate that the Court has diversity jurisdiction, he does not identify the state-law cause of action he seeks to bring against Defendants. Nor can the Court discern any state-law claim arising from the allegations in the complaint.

## LITIGATION HISTORY AND WARNING

Plaintiff is no stranger to this Court. *See Hobbs v. Sanitation Dep't of the City of New York,* ECF 1:17-CV-1735, 5 (S.D.N.Y. July 19, 2017) (dismissing complaint for lack of subject matter jurisdiction and for failure to state a claim); *Hobbs v. McCright Associates* ECF 1:17-CV-1284, 6 (S.D.N.Y. May 4, 2017) (dismissing complaint without prejudice for failing to comply with court orders), *reconsid. denied* (S.D.N.Y. Nov. 27, 2018); *Hobbs v. Emas Properties, Inc.*, ECF 1:17-CV-0948, 6 (S.D.N.Y. July 9, 2017) (dismissing complaint for failure to state a claim), *recons. denied* (S.D.N.Y. May 3, 2019); *Hobbs v. Bay Park Ctr. for Nursing and Rehabilitation*, ECF 1:15-CV-4679, 12 (S.D.N.Y. Aug. 29, 2016) (dismissing complaint on immunity grounds, and as frivolous and for failure to state a claim); *Hobbs v. N.Y.C. Police Officers*, ECF 1:10-CV-5717, 160 (S.D.N.Y. Apr. 3, 2017) (dismissing case under stipulated settlement); *Hobbs v. Dep't of Law*, ECF 7:09-CV-3114, 23 (S.D.N.Y. Nov. 6, 2009) (dismissing case under stipulated

settlement); *Hobbs v. New Rochelle Neighborhood Revitalization Corp.*, No. 02-CV-7386 (S.D.N.Y. Sept. 13, 2002) (dismissing complaint for failure to state a claim).

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware of the need to demonstrate that the Court has subject matter jurisdiction over his claims. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

On January 17, 2020, the same day that Plaintiff filed this complaint, he filed three other *pro se* complaints. *See Hobbs v. Lasco*, ECF 1:20-CV-511, 2; *Hobbs v. Dep't of Transp. N.Y.C.*, ECF 1:20-CV-512, 2; *Hobbs v. Evans*, ECF 1:20-CV-514, 2. Plaintiff is warned that if he abuses the privilege of proceeding IFP in this Court, he will be ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new IFP cases without prior permission.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). leave to amend is also not required when a *pro se* plaintiff is highly litigious and familiar with pleading requirements. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994). Because the defects in Plaintiff's complaint cannot be cured with an amendment, and in light of his extensive litigation history, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 21, 2020
         New York, New York

                                                  COLLEEN McMAHON
                                            Chief United States District Judge